**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian J. Mullen, Trustee,  )<br>　　　　　　　　　　　　　　)<br>　　　　Plaintiff,　　　　　　)<br>　　　　　　　　　　　　　　)<br>vs.　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>The Glimcher Company,　　　 )<br>　　　　　　　　　　　　　　)<br>　　　　Defendant.　　　　　　)<br>　　　　　　　　　　　　　　) | No. CV 12-01782-PHX-FJM<br>BK 11-15333-RJH<br><br>**ORDER** |

We have before us the motion of defendant to withdraw bankruptcy reference (doc. 1), plaintiff's response (doc. 6), and defendant's reply (doc. 8). Defendant seeks to withdraw the reference of this adversary proceeding, asserting a right to a jury trial.

Debtor David Glimcher transferred over $949,000 in securities to his father's company, defendant The Glimcher Company, on May 19, 2011. On May 26, 2011, David Glimcher filed for bankruptcy. The trustee filed a complaint to recover this money as either a preferential transfer or a fraudulent conveyance, or pursuant to his avoidance rights under 11 U.S.C. § 544. Defendant demanded a jury trial in its answer and filed this motion 20 days later.

**I**

We "may withdraw, in whole or in part, any case or proceeding referred under this section, on [our] own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). Factors to consider in determining cause include "the efficient use of judicial

1 resources, delay and costs to the parties, uniformity of bankruptcy administration, the
2 prevention of forum shopping, and other related factors." Sec. Farms v. Int'l Bhd. of
3 Teamsters, Chauffeurs, Warehousemen & Helpers, 124 F.3d 999, 1008 (9th Cir. 1997).

4       The bankruptcy court may "retain jurisdiction over the action until *trial is actually*
5 *ready*." In re Healthcentral.com, 504 F.3d 775, 788 (9th Cir. 2007) (emphasis in original).
6 Discovery matters, pre-trial conferences, and routine motions may be handled by a
7 bankruptcy court without abridging a party's Seventh Amendment right to a jury trial. Id. at
8 787. In addition, the bankruptcy system promotes judicial economy and efficiency, goals
9 that would be subverted if an action were required to be immediately transferred to district
10 court because of a jury trial right. See id. at 787-88. Even after Stern v. Marshall, 131 S. Ct.
11 2594 (2011), a bankruptcy court may adjudicate dispositive motions and issue a report and
12 recommendation before withdrawal. See Loomis v. Hunter, Humphrey & Yavitz, PLC, No.
13 CV-12-0586-PHX-FJM, 2012 WL 3064496 (D. Ariz. July 27, 2012).

14       **IT IS ORDERED DENYING** the motion to withdraw bankruptcy reference (doc. 1).
15       DATED this 10th day of October, 2012.

                    */s/ Frederick J. Martone*
                    Frederick J. Martone
                    United States District Judge

- 2 -